**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GENERAL INJECTABLES & VACCINES, INC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-156C |
| | ) | Judge Coster Williams |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**REPLY TO COUNTERCLAIM**

General Injectables & Vaccines, Inc. ("GIV"), through counsel, responds as follows to Defendant's Counterclaim (¶¶ 43-75 of "Defendant's Answer and Counterclaim," filed July 9, 2007):

1. GIV admits the allegation in paragraph 43 of the Counterclaim.

2. GIV admits that Defense Supply Center Philadelphia issued Solicitation No. SP0200-04-R-0005, dated January 14, 2004, for injectable flu vaccine for the 2004-2005 flu season, but otherwise denies the allegations in paragraph 44 of the Counterclaim.

3. GIV admits the allegation in paragraph 45 of the Counterclaim.

4. GIV admits that it responded to Solicitation No. SP0200-04-R-0005 by offering to supply Fluvirin®, an injectable flu vaccine manufactured by Chiron Vaccines, for the 2004-2005 flu season, subject to the terms and conditions set forth in the parties' contract, but otherwise denies the allegations in paragraph 46 of the Counterclaim.

5. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Counterclaim and on that basis denies those allegations.

6. GIV admits the allegations in paragraph 48 of the Counterclaim.

7. GIV admits that the contract incorporated by reference FAR 52.212-4, but otherwise denies the allegations in paragraph 49 of the Counterclaim.

8. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Counterclaim and on that basis denies those allegations.

9. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Counterclaim and on that basis denies those allegations.

10. GIV admits that on or about August 25, 2004, Chiron notified the FDA that it had discovered bacterial contamination in eight lots of final vaccine produced for the 2004/2005 flu season, and admits that as of that date GIV had not shipped any flu vaccine to DSCP for the 2004/2005 flu season, but otherwise denies the allegations in paragraph 52 of the Counterclaim.

11. GIV denies the allegations in paragraph 53 of the Counterclaim.

12. GIV admits that a letter was sent to DOD, and refers to the letter as the best evidence of its contents, but otherwise denies the allegations in paragraph 54 of the Counterclaim.

13. GIV admits that the unavailability of Fluvirin® was reported to be one of several factors that contributed to a temporary shortage of flu vaccine in the United States, but otherwise denies the allegations in paragraph 55 of the Counterclaim.

14. GIV denies the allegations in paragraph 56 of the Counterclaim.

15. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Counterclaim and on that basis denies those allegations.

16. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Counterclaim and on that basis denies those allegations.

17. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Counterclaim and on that basis denies those allegations.

18. GIV admits that DSCP purchased 25,000 packages of FluMist®, manufactured by MedImmune, at a price of $104.79 per package, but otherwise denies the allegations in paragraph 60 of the Counterclaim.

19. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Counterclaim and on that basis denies those allegations.

20. GIV denies the allegations in paragraph 62 of the Counterclaim.

21. GIV denies the allegations in paragraph 63 of the Counterclaim.

22. GIV admits the allegations in paragraph 64 of the Counterclaim.

23. GIV admits that DSCP terminated the contract in a Notice of Termination dated November 15, 2004, but otherwise denies the allegations in paragraph 65 of the Counterclaim.

24. GIV admits that DSCP purchased 33,795 packages of FluMist® after its initial purchase of 25,000 packages of FluMist®, but otherwise denies the allegations in paragraph 66 of the Counterclaim.

25. GIVadmits the allegations in paragraph 67 of the Counterclaim.

26. GIV is without information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Counterclaim and on that basis denies those allegations.

27. GIV denies the allegations in paragraph 69 of the Counterclaim.

28. GIV admits that on December 11, 2006, the contracting officer issued a demand letter seeking payment of $2,362,971.05 for DOD's purchase of Flumist®, but otherwise denies the allegations in paragraph 70 of the Counterclaim.

29. GIV admits the allegations in paragraph 71 of the Counterclaim.

30. GIV admits the allegations in paragraph 72 of the Counterclaim.

31. GIV denies the allegations in paragraph 73 of the Counterclaim.

32. GIV denies the allegations in paragraph 74 of the Counterclaim.

33. GIV denies the allegations in paragraph 75 of the Counterclaim.

**Defenses and Affirmative Defenses**

34. The Counterclaim is barred by the statute of limitations and/or the doctrine of laches.

35. The Counterclaim is barred by the doctrine of waiver.

36. The Counterclaim is barred because the non-delivery of flu vaccine was excusable under the terms of the contract.

37. The Counterclaim is barred by DOD's failure to comply with federal law regarding the process for seeking excess reprocurement costs.

38. The Counterclaim is barred by DOD's failure to reprocure a product that is substantially similar to the product required under the contract.

39. The Counterclaim is barred by DOD's failure to effect a reprocurement in a reasonable and timely manner.

40. The Counterclaim is barred by DOD's failure to mitigate alleged damages.

**Prayer for Relief**

WHEREFORE, GIV requests that judgment be entered in its favor and against the United States on Defendant's Counterclaim.

Dated: August 9, 2007

Respectfully submitted,

PROSKAUER ROSE LLP

By: ____________//s//__________________

Joseph E. Casson (D.C. Bar No. 22590)
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899

Attorneys for Plaintiff

Of counsel:

Bruce E. Fader
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**Certificate of Service**

I certify that on this 9th day of August 2007 a copy of the foregoing document was served through the Court's electronic case filing system upon counsel for defendant:

A. Bondurant Eley
United States Department of Justice
Civil Division – Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530
bondurant.eley@usdoj.gov

//ss
James P. Holloway