**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| GENERAL INJECTABLES & VACCINES, INC., Plaintiff, | |
| v. | No. 07-156C<br>Judge Coster Williams |
| THE UNITED STATES, Defendant. | |

**CONSENT MOTION BY PLAINTIFF GENERAL INJECTABLES & VACCINES, INC. FOR STAY PENDING DECISION IN PARALLEL FEDERAL CIRCUIT APPEAL**

Plaintiff General Injectables & Vaccines, Inc. ("GIV"), with the consent of defendant United States, hereby moves this Court for an Order staying this proceeding pending a decision from the United States Court of Appeals for the Federal Circuit in a parallel case involving GIV and the United States. In support of this motion, GIV states as follows:

1. On April 21, 2004, GIV and the United States Department of Defense ("DOD") entered into a contract for the delivery of flu vaccine to DOD.

2. On November 15, 2004, DOD terminated the contract based on GIV's alleged default in delivering the flu vaccine. GIV challenged the contract termination in a proceeding before the Armed Services Board of Contract Appeals ("ASBCA"). The ASBCA's decision upholding the contract termination is now on appeal to the Federal Circuit in the proceeding styled *General Injectables & Vaccines, Inc. v. Gates* (No. 2007-1119).

3. On December 11, 2006, DOD issued a separate final decision demanding alleged excess reprocurement costs incurred by DOD following GIV's non-delivery of flu vaccine under the contract. GIV commenced this action to challenge DOD's December 11, 2006 final decision.

4. This action and the Federal Circuit appeal involve the same contract between DOD and GIV. The Federal Circuit appeal relates to the question of whether DOD properly terminated for cause the contract with GIV. The proceeding before this Court relates to the question of whether DOD is entitled to recover excess reprocurement costs in connection with its termination of that same contract. If the Federal Circuit were to determine that DOD improperly terminated the contract, then DOD would not be entitled to seek excess reprocurement costs. Accordingly, the Federal Circuit appeal could dispose of all issues in this proceeding.

5. Earlier this year, in the case of *American Renovation and Construction Co. v. United States*, 77 Fed. Cl. 97, 105-06 (2007), this Court stayed an action involving a claim for excess reprocurement costs pending the resolution of a parallel proceeding before the ASBCA regarding the propriety of the underlying default termination. The Court concluded that a stay was the "mechanism that promotes the most efficient administration of justice." *Id.* at 105.

6. Likewise, here, based on the pending Federal Circuit appeal and its potential dispositive impact on this proceeding, it is in the interest of judicial economy to stay this action until the Federal Circuit issues its decision.

7. Counsel for Plaintiff and counsel for Defendant have discussed this issue, and counsel for Defendant consents to the stay requested by this Motion.

WHEREFORE, GIV respectfully requests that the Court enter an Order staying this action pending the resolution of the Federal Circuit appeal.

Dated: September 12, 2007

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ Bruce E. Fader

Bruce E. Fader
1585 Broadway
New York, New York 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900

Of counsel:

James P. Holloway
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C. 20004-2533
Tel: (202) 416-6800
Fax: (202) 416-6899

*Attorneys for Plaintiff*
*General Injectables & Vaccines, Inc.*

**Certificate of Service**

I certify that on this 12th day of September 2007, a copy of the foregoing document was served through the Court's electronic case filing system upon counsel for defendant:

A. Bondurant Eley
United States Department of Justice
Civil Division – Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530
bondurant.eley@usdoj.gov

//ss// James P. Holloway
James P. Holloway