**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GENERAL INJECTABLES &
VACCINES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 07-156C
(Judge Coster Williams)

Filed Electronically on July 16, 2008

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff General Injectables & Vaccines, Inc. ("GIV") and Defendant United States ("Defendant") (collectively, the "Parties") submit this joint preliminary status report pursuant to paragraph 4 of Appendix A to the Rules of United States Court of Federal Claims ("RCFC"):

## I. ANSWERS TO PARAGRAPH 4 QUESTIONS

### A. Does the Court have jurisdiction over the action?

GIV believes that the Court possesses jurisdiction over this matter pursuant to 41 U.S.C. § 609(a)(1). At this time, Defendant does not anticipate that it will challenge the Court's jurisdiction to entertain GIV's Complaint. Defendant believes that the Court possesses jurisdiction over its counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508. At this time, GIV does not anticipate that it will challenge the Court's jurisdiction to entertain Defendant's counterclaim.

### B. Should the case be consolidated with any other case and, if so, why?

The Parties agree that this case should not be consolidated with any other case.

### C. Should trial of liability and damages be bifurcated and, if so, why?

The Parties agree that trial of liability and damages should not be bifurcated.

**D. Should further proceedings in the case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?**

The Parties agree that further proceedings in this case should not be deferred pending consideration of another case.

**E. In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The Parties do not believe that a remand or suspension will be sought.

**F. Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

The Parties do not believe that additional parties will be joined.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Prior to engaging in formal discovery, GIV will file a motion for judgment on the pleadings or, alternatively, for summary judgment pursuant to RCFC 12(c) and 56. The Parties propose that GIV will file its motion no later than August 20, 2008. Defendant's opposition would be due no later than September 22, 2008. GIV could file a reply no later than October 9, 2008.

Defendant does not intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 prior to engaging in formal discovery.

**H. What are the relevant factual and legal issues?**

**1. GIV's Statement of the Issues**

a. Whether Defendant waived its right to demand excess reprocurement costs by waiting more than two years after it terminated GIV's contract to assert its demand for excess reprocurement costs.

b. If Defendant did not waive its right to demand excess reprocurement costs from GIV, whether the reprocured supplies are sufficiently similar to those for which Defendant originally contracted such that Defendant can demand excess reprocurement costs from GIV.

c. If the reprocured supplies are sufficiently similar to those for which Defendant originally contracted, whether Defendant actually incurred excess reprocurement costs.

d. If Defendant actually incurred excess reprocurement costs, whether Defendant acted reasonably to minimize the excess costs resulting from the contract termination.

**2. Defendant's Statement of the Issues**

Despite GIV's belief that this matter may be resolved by judgment on the pleadings, Defendant does not view the timeliness of its demand for excess reprocurement costs to be at issue in this case, because Defendant's demand was issued (1) within four months of the decision of the Armed Services Board of Contract Appeals upholding GIV's default termination, and (2) well within the six-year statute of limitations that attaches to Government claims, including claims for reprocurement costs, under FAR § 33.206. As such, and because the issue of GIV's liability in this case has already been determined conclusively by the decision of the United States Court of Appeals Federal Circuit, the only issues to be resolved by this Court are:

a. Whether Defendant incurred $1,494,671.05 in excess reprocurement costs, subject to interest, as a direct result of GIV's failure to supply Fluvirin flu vaccine according to the terms of its contract, which led to GIV's termination for default.

b. Whether FluMist inhaled flu vaccine, and FluZone injectable flu vaccine, the two flu vaccines that Defendant was forced to purchase in light of GIV's default, are sufficiently similar to Fluvirin to justify their use as replacements for Fluvirin, and as a basis for the reprocurement costs that are at issue in this case.

c. Whether, particularly in light of the existence of a shortage of flu vaccine nationwide, Defendant acted reasonably to mitigate its damages in the wake of GIV's default.

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

At this time, there does not appear to be a likelihood of settlement. The Parties have not agreed to alternative dispute resolution.

**J. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The Parties do not anticipate proceeding to trial, as the legal issues presented by this case will likely be resolved via dispositive motion. Should trial be necessary, the Parties agree that expedited trial scheduling will be unnecessary.

**K. Are there special issues regarding electronic case management needs?**

The Parties are unaware of any special issues regarding electronic case management needs.

**L. Is there other information of which the Court should be aware at this time?**

The Parties are unaware of any other information of which the Court should be aware at this time.

## II. PROPOSED DISCOVERY PLAN

The Parties believe that GIV's dispositive motion can be decided without formal discovery. Should the Court deny GIV's motion, the Parties propose to submit to the Court a proposed discovery plan within 21 days of the Court's decision. The Parties also believe that the initial disclosures set forth in RCFC 26(a)(1) are unnecessary at this time, and the Parties therefore propose to include a schedule for their submission with the proposed discovery plan should the Court deny GIV's motion.

Dated: July 15, 2008

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

A. BONDURANT ELEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-8254
Fax: (202) 514-8624

*Counsel for Defendant United States*

Respectfully submitted,

s/Bruce E. Fader by s/James F. Segroves
Bruce E. Fader
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
212.969.3000
212.969.2900 (fax)
bfader@proskauer.com

James F. Segroves
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6871
202.416.6899 (fax)
jsegroves@proskauer.com

*Counsel for Plaintiff General Injectables & Vaccines, Inc.*

**CERTIFICATE OF FILING**

I hereby certify that on July 16, 2008, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Bruce E. Fader by s/James F. Segroves
BRUCE E. FADER