**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GENERAL INJECTABLES & VACCINES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 07-156C
(Judge Williams)

Filed Electronically on August 20, 2008

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiff General Injectables & Vaccines, Inc. ("GIV") respectfully moves for judgment on the pleadings or, alternatively, for summary judgment pursuant to Rules 12(c) and 56(a) of the Rules of the Court of Federal Claims. This is an excess-reprocurement-cost case in which Defendant United States, acting through the Defense Supply Center Philadelphia ("DSCP"), seeks $1,494,671.05 from GIV related to DSCP's decision to terminate GIV's contract to supply injectable flu vaccine and DSCP's alleged replacement of the contracted-for vaccine with a much more expensive non-injectable flu vaccine. As set forth more fully in the memorandum of law and Proposed Findings of Uncontroverted Facts filed herewith, GIV's motion should be granted for three independent reasons.

*First*, GIV is entitled to judgment as a matter of law because Defendant violated the plain language of the Federal Acquisition Regulation ("FAR") by failing to issue a timely demand for excess reprocurement costs. The FAR provides that if the Government wishes to issue a demand for excess reprocurement costs, it must do so "without delay" after "completion and final payment of the repurchase contract." FAR 32.610(a), 49.402-6(c). DSCP waited more than seven-

teen months after completion and final payment of the repurchase contract to assert its demand for excess reprocurement costs. Because GIV was prejudiced by Defendant's persistent refusal to issue a timely demand for excess reprocurement costs even after GIV raised the issue in proceedings before the Armed Services Board of Contract Appeals, this Court should reject Defendant's untimely demand for excess reprocurement costs.

*Second*, GIV is entitled to judgment as a matter of law because the replacement vaccine Defendant purchased was not sufficiently similar to that for which Defendant originally contracted. The original contract in question required the vaccine to be injectable and suitable for persons four years of age or older. Defendant replaced the contracted-for vaccine with a much more expensive non-injectable flu virus vaccine not suitable for persons four years of age or older. Under *United States v. Axman*, 234 U.S. 36 (1914), and its progeny, Defendant is not entitled to excess reprocurement costs.

*Third*, at a minimum, GIV is entitled to judgment as a matter of law rejecting that portion of Defendant's demand for excess reprocurement costs related to Defendant's purchase of vaccine before it terminated GIV's original contract. The plain language of the FAR provides that the Government's "right" to procure "similar" items does not accrue until after the contracting officer terminates the contract for cause. DSCP purchased over 40 percent of the vaccine in question more than one month before it terminated GIV's contract. As a result, costs stemming from Defendant's pre-termination purchase of vaccine are not properly chargeable to GIV as excess reprocurement costs.

WHEREFORE, the Court should grant GIV's motion and enter judgment in GIV's favor.

Dated: August 20, 2008

Respectfully submitted,

s/Bruce E. Fader by s/James F. Segroves
Bruce E. Fader
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
212.969.3415
212.969.2900 (fax)
bfader@proskauer.com

*Attorney of Record for Plaintiff*
*General Injectables & Vaccines, Inc.*

*Of Counsel*:
James F. Segroves
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6871
202.416.6899 (fax)
jsegroves@proskauer.com

**CERTIFICATE OF FILING**

I hereby certify that on August 20, 2008, a copy of **Plaintiff's Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment**; the **Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment**; **Plaintiff's Proposed Findings of Uncontroverted Facts** and all exhibits thereto were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Bruce E. Fader by s/James F. Segroves
BRUCE E. FADER