Before the
ARMED SERVICES BOARD OF CONTRACT APPEALS
Falls Church, VA 22041-3201

| | |
|---|---|
| Appeal of<br>General Injectables & Vaccines, Inc.<br><br>Under Contract No.<br>SP0200-04-D-0003 | ASBCA No. 54930 |

## GOVERNMENT'S ANSWER TO APPELLANT'S COMPLAINT

### PARTIES

1. Admitted.

2. Admitted and denied. It is admitted that Respondent is the Defense Supply Center Philadelphia (DSCP), field activity of the Defense Logistics Agency (DLA). DLA is a subagency of the Department of Defense. It is also admitted that DSCP awarded contract No. SP0200-04-D-0003 to GIV and notified GIV of its final decision to terminate the contract for cause. It is further admitted that the contract can be found at Tab 1 of the Rule 4 file submitted by DSCP on March 4, 2005, as well as, Tabs 2, 3, 4, 5, 6, 7, 16, and 18. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, the averments are denied.

## JURISDICTION

3. The averment in this paragraph is a legal conclusion which requires no response. To the extent that a response is required, it is denied.

## FACTUAL BACKGROUND

4. Admitted

5. Admitted to the extent supported by the referenced response to solicitation which is the best evidence of its contents, otherwise denied.

6. The first sentence of this paragraph is admitted to the extent supported by the referenced response to solicitation which is the best evidence of its contents, otherwise denied. The second of this paragraph is admitted to the extent supported by the referenced request for waiver which is the best evidence of its contents, otherwise denied. The third second of this paragraph is admitted.

7. Admitted in part, denied in part. It is admitted that on April 21, 2004, DSCP awarded GIV the contract to deliver Fluviron to its DoD customers. The remaining averments are legal conclusions which require no response. To the extent that a response is required, same is denied.

8. Admitted to the extent supported by the referenced delivery order which is the best evidence of its contents, otherwise denied.

9. The first sentence is admitted. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's averments in the second sentence and therefore denies same.

10. Admitted.

11. The first sentence is admitted. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's averments in the second sentence and therefore denies same.

12. Admitted.

13. Admitted and denied. It is admitted that between October 10 and October 15, 2004, the FDA conducted its own inspection of the Chiron Fluviron manufacturing facility in Liverpool, England and thereafter refused to allow Fluviron to be released in the United States. The Government lacks information and knowledge sufficient to form a belief as to the truth of Appellant's remaining averments and therefore denies them.

14. Admitted in part and denied in part. It is admitted that in October 2004, the FDA determined that the Fluviron already in the U.S. could not be used due to safety concerns. The remaining averments are conclusions which require no response. To the extent a response is required, it is denied.

15. The Government lacks information and knowledge sufficient to form a belief as to the truth of Appellant's remaining averments and therefore denies them.

16. Admitted.

17. The first and second sentences of this paragraph are admitted. The third sentence is a legal conclusion which requires no response. To the extent a response is required, it is denied.

18. Admitted.

19. The first sentence is admitted. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's averments in the second and third sentences and therefore denies same.

20. It is admitted that DoD ultimately substituted FluMist thereby freeing up approximately 200,000 does of injectable flu vaccine for those who could not take FluMist. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's remaining averments and therefore denies same.

21. Admitted to the extent supported by the referenced notification, otherwise denied.

22. Admitted to the extent supported by the referenced notification, otherwise denied.

23. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's averments and therefore denies same.

24. It is admitted that on October 7, 2004, DoD placed an order for FluMist and that the order was placed after reading Chiron's press release and discussing the matter with GIV. The remaining allegations are conclusions which require no response. To the extent that a response is required, same is denied.

25. The first sentence is admitted and denied. The Government admits that CDC and the states acted to coordinate the distribution of injectable flu vaccine supply in the United States. The Government lacks knowledge and information sufficient to form a belief as to the truth of Appellant's remaining averments in the first sentence of this paragraph and therefore denies same. The second

sentence is a legal conclusion which requires no response. To the extent that a response is required, same is denied.

26. Admitted to the extent supported by the referenced termination which is the best evidence of its contents.

27. Admitted to the extent supported by the referenced termination which is the best evidence of its contents.

28. Admitted.

29. Admitted in part, denied in part. It is admitted that during a February 10, 2005 telecon DSCP advised that the delta between the cost of Fluviron ordered under the Contract and FluMist was approximately $2,300,000. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, it is denied.

30. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

## OBJECTIONS TO DoD's NOTICE OF TERMINATION FOR CAUSE AND CLAIM FOR REPROCUREMENT COSTS

31. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

32. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

COUNT I

33. The Government incorporates by reference each and every response set forth in paragraphs 1 – 32 above.

34. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

35. Admitted to the extent supported by the contract which is the best evidence of its contents; otherwise denied.

36. Admitted to the extent supported by the contract which is the best evidence of its contents; otherwise denied.

37. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

38. Admitted to the extent supported by the contract which is the best evidence of its contents; otherwise denied.

39. Admitted to the extent supported by the delivery order which is the best evidence of its contents; otherwise denied.

40. Admitted to the extent supported by the contract which is the best evidence of its contents; otherwise denied.

41. Admitted to the extent supported by the response to solicitiation which is the best evidence of its contents; otherwise denied.

42. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

43. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

44. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

COUNT II

45. The Government incorporates by reference each and every response set forth in paragraphs 1 – 44 above.

46. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

47. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

48. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

49. The first sentence of this paragraph is admitted. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

50. The first sentence is admitted. The averments in the second sentence are legal conclusions which require no response. To the extent that a response is required, same is denied.

51. Admitted and denied. It is admitted that GIV does not own Chiron. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

52. Admitted and denied. It is admitted that GIV is a distributor of Fluviron for Chiron. The Government lacks knowledge and information sufficient to form a

belief as to the truth of Appellant's remaining averments in this paragraph and therefore denies same.

53. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

54. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

55. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

56. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

57. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

58. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

59. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

60. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

61. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

62. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

63. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

64. Admitted in part, denied in part. It is admitted that in October refused to permit the release of Fluvirin from the Chiron manufacturing plant in Liverpool into the U.S. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

65. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

66. Admitted in part, denied in part. It is admitted that in October 2004 the distribution of injectable flu vaccine was controlled. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

67. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

68. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

69. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

<u>COUNT III</u>

70. The Government incorporates by reference each and every response set forth in paragraphs 1 – 69 above.

71. Admitted to the extent support by the contract which is the best evidence of its contents; otherwise denied.

72. Admitted to extent support by the referenced waiver request which is the best evidence of its contents; otherwise denied.

73. Admitted to extent support by the referenced waiver request which is the best evidence of its contents; otherwise denied.

74. Admitted and denied. It is admitted that on April 21, 2004 DSCP awarded contract SPO200-04-D-0003 to GIV. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

75. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

76. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

77. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

78. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

COUNT IV

79. The Government incorporates by reference each and every allegation set forth in paragraphs 1 through 78 above.

80. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

81. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

82. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

83. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

84. Admitted to the extent supported by the contract which is the best evidence of its contents; otherwise denied.

85. Admitted.

86. The government lacks information and knowledge sufficient to form a belief as to the truth of these averments and therefore denies them.

87. The government lacks information and knowledge sufficient to form a belief as to the truth of these averments and therefore denies them.

88. The government lacks information and knowledge sufficient to form a belief as to the truth of these averments and therefore denies them.

89. Admitted and denied. It is admitted that there is a cost difference between Fluvirin and FluMist. The remaining averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

90. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

91. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

92. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

93. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

94. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

95. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

96. The averments in this paragraph are legal conclusions which require no response. To the extent that a response is required, same is denied.

PRAYER FOR RELIEF

WHEREFORE, the Government requests that GIV's Complaint be dismissed.

Respectfully Submitted,

Dated: March 28, 2005

Kathleen D. Hallam
Chief Trial Attorney