Before the
ARMED SERVICES BOARD OF CONTRACT APPEALS
Falls Church, VA 22041-3201

| | | |
|---|---|---|
| Appeal of<br>General Injectables & Vaccines, Inc.<br><br>Under Contract No.<br>SP0200-04-D-0003 | ) | ASBCA No. 54930 |

**GOVERNMENT'S REPLY TO APPELLANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Appellant argues that the Government's termination was capricious and arbitrary because: (i) there was no default because no delivery schedule was in place, (ii) Appellant's default is excusable, and (iii) GIV is not liable for excess reprocurement costs. These arguments are discussed in order below.

## I THE CONTRACT CONTAINED DELIVERY DATES THAT APPELLANT FAILED TO MEET

Appellant states there was no delivery schedule in place at the time of termination as the "proposed" dates were contingent upon FDA inspection of the product and its approval for distribution within the United States. As FDA never approved any product for release, Appellant argues that it had no duty to deliver the vaccine. Appellant's argument is absurd.

Appellant's contention ignores the fact that the contract required Appellant to obtain flu vaccine meeting the salient characteristics listed on page 23 of the solicitation (R4, tab 1) and then deliver that vaccine to the Government in accordance with the contract's delivery schedule. Appellant's attempt to disassociate itself from the manufacture of the product is unavailing. The $16.1 million contract price included the price of the product as well as its delivery costs. (R4, tab 8, p. 2). The Government did not agree to pay Appellant more than $16 million dollars to merely deliver the vaccine.

The contract schedule required delivery as follows:

> Dependent upon FDA release of vaccine, delivery will be as follows:
> 25% of each awarded CLIN quantity no later than 30 Sep 2004
> 25% of each awarded CLIN quantity no later than 31 Oct 2004
> 25% of each awarded CLIN quantity no later than 30 Nov 2004

(R4, tab 8, p. 2; Exhibit 1, p. 2). In order for FDA to approve the vaccine for release in the United States, Appellant had to first obtain a compliant product and offer[1] it for inspection. Under the terms of the contract, Appellant was required to offer the compliant product for inspection on or before the agreed upon delivery dates to ensure timely delivery. Appellant's late delivery would be excused in the event FDA did not approve the product in time for Appellant to meet the schedule. However, Appellant's failure to obtain a compliant was not a contingency that the contract recognizes as an excusable delay.

[1] Appellant's Response at unnumbered p. 15 zooms in on the Government's use of the word "release" and fails to address the issue of the non-conforming product.

## II. CONTRARY TO APPELLANT'S CONTENTIONS, APPELLANT'S DUTY TO DELIVER IS NOT EXCUSABLE.

Appellant claims that its failure to deliver was not due to its fault or negligence and further claims that the Government does not dispute this point. (See Appellant's Response at unnumbered p. 15, ¶ 1). Appellant is wrong on both accounts. Appellant's failure to deliver is solely its fault. Moreover, the Government has always maintained that Appellant's default was unexcusable. (See Government's main Motion, p. 8-11; see also the Government's Notice of Termination at R4, tab 15).

Appellant contends that the burden is on the Government to prove that Chiron's negligence or fault caused the contamination, and further that the contamination of the few lots of vaccine was the cause of the FDA's action to embargo all flu vaccine produced by Chiron and prevent its release to the U.S. market. (Appellant's Response, unnumbered p. 15). Again, Appellant is wrong. The Government has no such burden. Excusable delay is a defense, and as such Appellant has the burden of demonstrating the existence of that defense. *Sauer Inc. v. Dansig*, 224 F.3d 1340, 1345 (Fed. Cir. 2000). In the instant case, Appellant has failed to do that.

For the most part, Appellant's remaining comments in its Response repeat the same meritless points set forth in its Complaint. These points were all addressed in the Government's main brief.

## III. THE BOARD LACKS JURISDICTION TO HEAR APPELLANT'S CHALLENGE TO THE ASSESSMENT OF REPROCUREMENT COSTS

The assessment of excess reprocurement costs is a Government claim. That claim has not matured yet and no Government demand for costs has been issued.

## CONCLUSION

In sum, the Government has established that Appellant defaulted under the contract. Appellant has not demonstrated excusable delay. Appellant's negligence was the sole cause of its failure to deliver and also the sole cause of its failure to find alternative product. Therefore, Summary Judgment should be granted to the Government and Appellant's Appeal should be denied.

Dated: September 13, 2005

KATHLEEN D. HALLAM
Chief trial Attorney